52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Don CHITWOOD, Defendant-Appellant.
 No. 94-6142.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This case is a direct criminal appeal of Defendant-Appellant Christopher Chitwood's ("Chitwood") conviction, after a jury trial, of three counts of distribution and one count of conspiracy to distribute crack-cocaine. On appeal, Chitwood argues that the trial court incorrectly (1) admitted inadmissible evidence; (2) failed to sever his trial from that of his co-defendants; and (3) failed to sustain his motion for a Bill of Particulars or Motion to Dismiss. For the reasons stated below, we reject each of these claims and affirm Chitwood's conviction.
 
 I. BACKGROUND
 
 3
 On November 3, 1993, Chitwood was indicted in a 69 count Superceding Indictment involving 14 defendants implicated in a conspiracy to possess cocaine and/or crack-cocaine with the intent to distribute. The government later filed another Superceding Indictment, on which Chitwood was tried, on January 4, 1994. These indictments resulted from a concerted effort by the federal and state authorities to identify and prosecute the drug conspiracy headed by Samuel Norwood, a well-known Oklahoma City drug dealer. At trial, Orville Nelson, a cooperating co-defendant, testified that Chitwood, a member of a gang that dealt drugs for Norwood, sold approximately one ounce of crack cocaine per week. In addition to the testimony of cooperating defendants and other witnesses, the two central pieces of evidence introduced against Chitwood were (1) several video tapes of Chitwood selling what Chitwood conceded, based on the laboratory reports, was crack-cocaine; and (2) conversations taped by an undercover informant in which Chitwood discussed financial transactions with Samuel Norwood. After Chitwood was convicted and did not object to the Presentence Report Investigation, the district court sentenced him to concurrent sentences of 292 months on the conspiracy count and 240 months for the drug counts. Chitwood now brings this appeal.
 
 II. DISCUSSION
 
 4
 A. Introduction of Allegedly Inadmissible Evidence
 
 
 5
 Chitwood argues that the trial court erred in failing to exclude evidence during the course of Vivian Henderson's testimony concerning the relationship between prostitution customers and drug customers of the Norwood organization. While Chitwood sought to limit the introduction of such evidence through a motion in limine, the government contends that his failure to object contemporaneously to the admission of such evidence at trial requires that we only review the admissibility of such evidence for plain error. See United States v. Brewer, 630 F.2d 795, 801 (10th Cir.1980); Fed.R.Crim.P. 52(b). However, we have rejected a bright line rule approach in this area and view a motion in limine as sufficient to preserve an objection when "the issue (1) is fairly presented to the district court, (2) is the type of issue that can be finally decided in a pretrial hearing, and (3) is ruled upon without equivocation by the trial judge." United States v. Mejia-Alarcon, 995 F.2d 982, 986-87 (10th Cir.), cert. denied, 114 S.Ct. 334 (1993). As both parties do not address these criteria and it will not affect the outcome, we will assume arguendo that Chitwood satisfies these requirements so as preserve his evidentiary objection for appeal and we review the district court's ruling for an abuse of discretion.[2]
 
 
 6
 In the instant case, the evidence relating to the prostitution ring was not offered in direct connection with Chitwood--and therefore not excludable under Fed.R.Evid. 404(b)--but was offered to convict a co-defendant of Chitwood and must be analyzed as to Chitwood under Fed.R.Evid. 403. Given that the court properly instructed the jury to separately consider the evidence against each defendant and the direct evidence presented against Chitwood was very substantial, we cannot conclude that any prejudice that Chitwood might have suffered from the inclusion of this evidence constitutes reversible error.[3]
 
 2. The Denial of The Motion To Sever
 
 7
 Chitwood also argues that the trial court should have severed his trial from his co-defendants because the sheer amount of evidence, much of it not directly relevant to Chitwood, deluged the jury with information and prejudiced him. We must review the district court's decision not to sever the trials for an abuse of discretion. United States v. Cardall, 885 F.2d 656, 667 (10th Cir.1989). To meet his burden, Chitwood must demonstrate that the joinder of the trials had a "substantial and injurious effect or influence" on the jury's verdict. United States v. Lane, 474 U.S. 438, 449 (1986) (internal quotations omitted). In analyzing the effect of the joinder, we must consider the strength of the case against the defendant and whether limiting instructions were given to the jury. See id. at 450.
 
 
 8
 As acknowledged by Chitwood, the leading case concerning motions to sever is Zafiro v. United States, which explains that "[j]oint trials play a vital role in the criminal justice system" as they promote efficiency and avoid the inequity of inconsistent verdicts. 113 S.Ct. 933, 937 (1993) (internal quotations omitted). Zafiro also highlights that the decision on severance must be left to the exercise of sound discretion by the district court. Id. at 939. We have previously underscored that given the general rule that individuals jointly indicted should be tried together, very few trials will include antagonistic defenses or be so complex that the jury cannot compartmentalize the evidence and fairly evaluate the cases against different co-defendants. See United States v. Brantley, 986 F.2d 379, 383 (10th Cir.1993); United States v. Pinto, 838 F.2d 426, 434 (10th Cir.1988). Chitwood has not demonstrated that this trial meets that high standard of complexity or that his defense was antagonistic with that of other co-defendants. Thus, especially given the overwhelming evidence of his guilt and the instruction that the jury consider each defendant separately, we cannot conclude that the joinder of the trials substantially injured Chitwood's rights so as to constitute an abuse of discretion.
 
 
 9
 C. The Denial of The Motion For A Bill of Particulars
 
 
 10
 In reviewing the denial of Chitwood's Motion for a Bill of Particulars, we must consider whether Chitwood demonstrated that the district court abused its discretion so as to affect the result of the trial. United States v. Wright, 826 F.2d 938, 943 (10th Cir.1987). Chitwood claims that the lack of specific dates in the indictment against him deprived him of due process because he was not adequately notified of the charges against him and he could not present an alibi defense. However, as the government points out, Chitwood focuses on the November 3, 1993 indictment rather than on the January 4, 1994 indictment on which Chitwood was tried. The latter indictment clearly specifies that Chitwood committed the possession with intent to distribute crimes on three occasions which were videotaped by the Federal Bureau of Investigations. Moreover, the conspiracy count, as alleged in Count 1 of the indictment, dated Chitwood's involvement as spanning from August, 1988 to August 29, 1993. Even though Chitwood's involvement in the conspiracy may not have commenced until after August, 1988, the indictment still provided sufficient notice of the nature of the charges against him. Finally, while Chitwood complains of the generality of the dates in the indictment as to other defendants, Chitwood lacks standing to raise those arguments. Thus, we view the dates alleged in the indictment as to the counts involving Chitwood as sufficient to provide adequate notice, and thus conclude that the decision to deny the motion for a Bill of Particulars was within the discretion of the district court.
 
 III. CONCLUSION
 
 11
 For the reasons explained above, we AFFIRM Chitwood's conviction. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Thus, we also reject the government's suggestion that we view the failure to contemporaneously object to the admission of evidence as constituting a waiver of the objection because the cases cited to support that position do not involve situations where the defendant had earlier filed a motion in limine. See, e.g., Carson v. Collins, 993 F.2d 461, 465 n. 11 (5th Cir.) (evidentiary argument waived after not objecting at trial, on direct appeal, and in three habeas petitions), cert. denied, 114 S.Ct. 265 (1993); United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir.1991) (after affirmatively accepting admission of evidence at trial, cannot contest admissibility on appeal), cert. denied, 503 U.S. 941 (1992)
 
 
 [3]
 While Chitwood notes that his motion in limine moved to limit the introduction of telephone calls, logs and registration, he does not clearly specify whether such records were admitted at trial or, if they were admitted, why it was error to do so. Thus, we will not consider this evidentiary issue